**John CLEMENTE, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

No. CV 82–2281.

United States District Court, E.D. New York.

May 16, 1983.

John Clemente, pro se.

Raymond J. Dearie, U.S. Atty., Brooklyn, N.Y. (Robert L. Begleiter, Kathleen A. Haggerty, Asst. U.S. Attys., Brooklyn, N.Y., Annette H. Blum, Regional Atty., Region II, Michael Noorigian, Asst. Regional Atty., New York City, Roy Bromberg, Legal Asst., Dept. of Health and Human Services, Washington, D.C., of counsel), for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brought this action under 42 U.S.C. § 405 to review a final determination of defendant denying plaintiff's appli-

cation for a period of disability and disability insurance benefits. Following a hearing the Administrative Law Judge (ALJ) on May 5, 1982 concluded that plaintiff was not disabled. The Appeals Council approved.

Plaintiff, 62 years old at the time of the hearing, had a high school education and had worked for 49 years as a longshoreman. On April 15, 1981 he ceased work and then filed the present application, alleging disability due to chronic bronchitis, emphysema, enlarged pulmonary artery, arthritis of spine, shoulder and hands, hardening of arteries in neck, missing cartilage of left knee, and 25% hearing loss. At the hearing plaintiff testified that he was practically blind in one eye, had three herniated discs as well as arthritis, emphysema, pain in his back, dizziness, fear of paralysis, and enlarged pulmonary arteries.

In his decision the ALJ said that plaintiff's impairments were "mild" and were "the result of the aging process" but were not "of sufficient severity to prevent gainful employment if the claimant is willing to engage in work activities." The ALJ made no finding as to whether plaintiff could return to his work as a longshoreman, work the ALJ characterized as "heavy to medium unskilled work."

Dr. Harold Coppersmith, plaintiff's treating doctor, made a musculoskeletal medical report dated June 5, 1981, an oral report on February 2, 1982, and a written letter report dated March 12, 1982. In his initial report Dr. Coppersmith found plaintiff unable to work at his usual job "which entails lifting heavy boxes." The doctor's diagnosis, as set forth in the two later reports, included cervical spondylosis, possibly caused or aggravated by a head injury in November of 1980, mild essential hypertension, coronary heart disease with mild angina, chronic bronchitis, varicose veins, and dizziness of undetermined origin. The doctor recommended a neurological consultation to attempt to find the cause of the dizziness. The doctor concluded that plaintiff was unable to perform heavy work due to spondylosis.

The ALJ made no reference to the report of Dr. Stephen Gilbert, a consulting neurologist, who examined plaintiff on April 8, 1982. Dr. Gilbert's impression was that plaintiff had evidence of a labyrinthine disturbance with neurosensory deficits and had a cervical radiculitis. The doctor concluded: "The consternation of these two symptoms rendered the patient totally disabled. Patient is unable to look downward or upward in order to perform any job, and is unable to lift."

The ALJ's conclusion that plaintiff was not disabled was based upon a finding that the plaintiff was able "to do basic work activities that is, abilities and aptitudes necessary to do most jobs" as described in 20 C.F.R. § 404.1521 (1981) (Tr. 9). The ALJ thus denied plaintiff's claim at the second step in the five-step sequence that the regulations require to be utilized in evaluating disability claims. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir.1982). At the second step the claimant has the burden of proving a severe impairment that "significantly limits his physical or mental ability to do basic work activities." *Id.*

In finding that plaintiff did not have a "severe impairment" the ALJ appears to have misapplied 20 C.F.R. § 404.1521. Whatever the degree of plaintiff's impairment there is no substantial evidence to show that he could return to longshoreman's work, which involves heavy lifting. The defendant in its brief appears to concede that plaintiff could not do the heavy lifting required of a longshoreman, and the ALJ made no finding to the contrary. Instead the ALJ appears to have construed the regulations to mean that a claimant does not have a "severe impairment" if he can do "most jobs."

The pertinent regulation, 20 C.F.R. § 404.1521, reads as follows:

What we mean by an impairment that is not severe.

(a) Non-severe impairment. An impairment is not severe if it does not significantly limit your physical or mental abilities to do basic work activities.

(b) Basic work activities. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include—

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

 Under this regulation the test is not whether plaintiff can do "most jobs," but rather whether the impairment has significantly limited his abilities to do any one or more of the basic work activities necessary to do most jobs. If, for example, as a result of his impairment plaintiff's former ability to do "lifting" has been significantly diminished, he has a "severe impairment." At the second step in the five-step sequence the fact that plaintiff may be able to perform lighter work than his former abilities allowed, or even that he may have the ability to do "most jobs," is irrelevant.

Under the pertinent regulations, if plaintiff cannot do the work he has done in the past because he has a severe impairment, the ALJ must consider his residual functional capacity, as well as his age, education and past work experience, to see if he can do other work. 20 C.F.R. § 404.1520(f). The statute, as well, requires that the Secretary consider those factors before finding a claimant disabled. 42 U.S.C. §§ 416(i)(1), 423(d). Therefore, neither the statute nor the regulations contemplate that the Secretary may, without considering such vocational factors, deny benefits to a claimant with plaintiff's degree of impairment.

The case is remanded for a further proceeding, to be held within 120 days, in conformity with this memorandum and order. So ordered.